1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8 | BERNIE BRIGGS,                                   CASE NO. 1:11-CV-01116-LJO-DLB PC

9 |            Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DISMISSAL OF

10 |      v.                                      PLAINTIFF'S ACTION FOR FAILURE TO
STATE A CLAIM (DOC. 1)

11 | D. FOSTON, et al.,

12 |            Defendants.                  OBJECTIONS, IF ANY, DUE WITHIN
TWENTY-ONE DAYS

13 | _____/

14

15 |                   **Findings And Recommendations**

16 | **I.**      **Background**

17 |      Plaintiff Bernie Briggs ("Plaintiff") is a prisoner in the custody of the California

18 | Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this

19 | civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his

20 | complaint on June 29, 2011, in the Sacramento Division of this court. Doc. 1. On July 6, 2011,

21 | the action was transferred to the Fresno Division of this court. Doc. 5.

22 |      The Court is required to screen complaints brought by prisoners seeking relief against a

23 | governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24 | Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25 | legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26 | that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

27 | § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

28 | paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1   appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

2   1915(e)(2)(B)(ii).

3          A complaint must contain "a short and plain statement of the claim showing that the

4   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949

7   (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

8   "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9   Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

10  conclusions are not.  Id.

11  **II.      Summary Of Complaint**

12         Plaintiff was previously incarcerated at Corcoran State Prison, located in Corcoran

13  California, where the events giving rise to this action occurred.  Plaintiff names as Defendants D.

14  Foston, Chief of the Inmate Appeals Branch; R. Davis, Appeals Examiner; and I. Sanchez,

15  correctional officer.

16         Plaintiff alleges the following: On November 18, 2010[1], at approximately 7:45 a.m.,

17  correctional officer I. Sanchez refused to feed Plaintiff his breakfast or provide him with lunch.

18  Plaintiff contends that D. Foston and F. Davis condoned officer Sanchez's actions within the

19  Director's level appeal decision.

20         According to exhibits submitted with the complaint, Plaintiff filed an inmate appeal form

21  ("CDC 602 appeal") on October 22, 2010.  He complained that correctional officer Sanchez

22  refused him breakfast and lunch because he did not hear the floor officer "mention for inmates to

23  turn on their cell light."  When correctional officer Sanchez passed him, Plaintiff told her that he

24  did not receive his breakfast tray or lunch and his light was on while she was at his cell door.

25  Correctional officer Sanchez reportedly responded, stating "Your [sic] not getting anything

26  you're assed out, and if you want to eat talk to a sergeant because I'm not giving you anything."

27  ─────────────────

28         [1]Per exhibits attached to the complaint, this event occurred on October 18, 2010.

1  Plaintiff asked her to call a sergeant and she replied, "Not on my watch."  Plaintiff claimed that

2  correctional officer Sanchez's behavior was rude and disrespectful and her actions were cruel and

3  unusual.  Exhibit B to Complaint.

4         On April 21, 2011, D. Foston and R. Davis denied Plaintiff's CDC 602 appeal at the

5  Director's Level.   Exhibit A to Complaint.

6          Plaintiff asserts a violation of his Eighth Amendment rights and requests compensatory

7  and punitive damages.

8  **III.**    **Analysis**

9            **A.**       **Eighth Amendment**

10         The Eighth Amendment protects prisoners from inhumane methods of punishment and

11  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

12  2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and

13  only those deprivations denying the minimal civilized measure of life's necessities are

14  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

15  503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of

16  the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

17  knew of and disregarded a substantial risk to his health or safety.  *E.g.*, *Farmer v. Brennan*, 511

18  U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

19         Here, Plaintiff has alleged an isolated incident of not receiving two scheduled meals.

20  This is not sufficiently serious to form the basis of an Eighth Amendment violation.  *See Farmer*,

21  511 U.S. at 834; *see also Foster v. Runnels*, 554 F.3d 807, 813 and n. 1 (9th Cir. 2009) (denial of

22  16 meals in 23 days sufficiently serious deprivation under Eighth Amendment's prohibition

23  against cruel and unusual punishment; denial of two meals over nine-week period was not

24  sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference).

25         Insofar as Plaintiff complains about Defendant Sanchez's comments to him, mere "verbal

26  harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. §

27  1983."  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal

28  quotation omitted).

1    Plaintiff fails to allege an Eighth Amendment claim against Defendant Sanchez.

2        **B.        Inmate Appeals**

3        Plaintiff alleges that Defendants Foston and Davis failed to respond properly to his

4    inmate appeal.  Defendants' actions in responding to Plaintiff's appeal, alone, cannot give rise to

5    any claims for relief under section 1983.  "[A prison] grievance procedure is a procedural right

6    only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d

7    494, 495 (8th Cir. 1993) (*citing Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); *see also*

8    *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

9    because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647

10   (7th Cir. 2001) (existence of grievance procedure confers no substantive right upon an inmate);

11   *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected

12   liberty interest requiring the procedural protections envisioned by the fourteenth amendment."

13   *Azeez*, 568 F.Supp. at 10; *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986).  Actions in

14   reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section

15   1983 action.  *Buckley*, 997 F.2d at 495.  Plaintiff therefore does not state a claim against

16   Defendants Foston and Davis for review of his inmate appeal.

17       **C.        Leave To Amend**

18       The Court does not find that Plaintiff will be able to allege additional facts to cure the

19   deficiencies identified herein.  Accordingly, further leave to amend will not be granted.  *See*

20   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

21   **IV.    Recommendation**

22       Based on the foregoing, it is HEREBY RECOMMENDED that:

23       1.        This action be dismissed for failure to state a claim upon which relief may be

24                 granted under 42 U.S.C. § 1983; and

25       2.        The Clerk of the Court be directed to close this action.

26       These Findings and Recommendations will be submitted to the United States District

27   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**

28   **one (21) days** after being served with these Findings and Recommendations, the parties may file

1  written objections with the Court.  The document should be captioned "Objections to Magistrate

2  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

3  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

4  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:    February 9, 2012**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28